J-S86021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARRETT J. GAETANO | : | |
| | : | |
| Appellant | : | No. 449 WDA 2016 |

Appeal from the Judgment of Sentence February 25, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0013376-2015

BEFORE:   GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.: **FILED: April 4, 2017**

The circumstances of this case do not run afoul of the precedent set forth in **_Birchfield v. North Dakota_**, ___U.S.___, 136 S.Ct. 2160, 2186, 195 L.Ed.2d 560 (2016) in which the Supreme Court of the United States held that motorists suspected of driving under the influence "cannot be deemed to have consented to submit to a blood test on pain of committing a criminal offense." Appellant's consent to the blood draw was valid as he was not threatened that a blood draw refusal would lead to _criminal_ penalties, but was simply informed that a blood draw refusal would lead to license suspension and other _civil_ penalties through PennDOT. As it is unnecessary to remand this case for further development, I respectfully dissent.

---

[*] Former Justice specially assigned to the Superior Court.